### TEBBS v. UNION REALTY CORPORATION.

(Court of Appeals of District of Columbia. Submitted November 2, 1922. Decided February 5, 1923. Rehearing Denied February 28, 1923.)

#### No. 3811.

1. **Abatement and revival ⟐8(4)—Pendency of suit to enjoin enforcement of penalties for violating rent commission's order does not abate action for possession.**

   The pendency of a suit in equity to restrain the rent commission and the tenants from enforcing against the landlord penalties for violating an order of the commission fixing the rentals, even if the parties are the same, does not abate an action in the municipal court to recover possession of the premises, since such possession cannot be recovered in the former suit, nor the injunction granted in the municipal court action, and the defense of another suit pending is not available, where the relief sought in the two cases is not the same.

2. **Landlord and tenant ⟐200(1½)—Notice of rent proceedings to agent who leased premises is sufficient.**

   Where premises were rented by an agent in his own name, and the owners recognized his authority to make the lease by claiming under it, a notice by the rent commission to the agent of the pendency of proceedings to fix a fair rental without notice to the owners is sufficient to give the commission jurisdiction under Rent Commission Act, § 106, requiring notice to all parties in interest, especially in view of the right of the owner, under section 111, to petition the commission at any time for a modification of the judgment.

3. **Landlord and tenant ⟐53(2)—Assignee of lease has no greater rights than assignor.**

   The assignee of the lessor's rights under a lease has no greater rights against the lessee than those of the assignor.

4. **Landlord and tenant ⟐53(2)—Assignee, to whom lessee had attorned, cannot deny assignor's right to lease the premises.**

   Where the lessor had assigned his rights to leased property, and the lessee had attorned to the assignee, the lessee was estopped from denying the title of the assignee as landlord' or owner, even though he had no title, and as a corollary thereto the assignee was estopped from denying that his assignor had a right to rent the premises, or from setting up a title in another for the purpose of defeating the lease.

---

⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Writ of Error to the Municipal Court.

Complaint by the Union Realty Corporation against Eloise M. Tebbs to recover possession of premises for default in payment of rent. Judgment for plaintiff, and defendant brings error. Reversed and re-manded, with direction to grant a new trial.

W. W. Millan and R. E. L. Smith, both of Washington, D. C., for plaintiff in error.

W. E. Richardson and W. M. Bastian, both of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. The defendant in error in December, 1921, filed a complaint in the municipal court for the recovery of apartment 16, then occupied by defendant, in the Prince Karl apartment house in the District of Columbia. Therein in substance it was alleged that the premises in question were unlawfully detained and held without right by the defendant, Eloise M. Tebbs, to whom the complainant's assignor had theretofore rented them, for that the tenancy and estate of the said Eloise M. Tebbs therein had been determined by default in the payment of rent as provided in the rental agreement.

At the trial below, which was had February 24, 1922, the evidence on behalf of plaintiff established that one Charles D. Sager, as the party of the first part in a written contract, had leased to said Eloise M. Tebbs, the other party thereto, said apartment No. 16 for a term of 12 months, commencing on the 1st day of October, 1920, at a stipulated rental of $666, payable in monthly installments of $55.50 in advance; that Tebbs paid the stipulated rent as agreed until the month of September, 1921, at which time she refused further payment of that sum, but thereafter, and from month to month tendered $40 per month, as and for the rent of said premises, and also tendered $240 as rent thereof for the month of September, 1921, and to and including February, 1922, which tenders were refused by the plaintiff, who had received in October, 1921, an assignment from Sager of said lease.

In defense Tebbs introduced evidence showing that on April 15, 1920, the rent commission of the District of Columbia, in a proceeding brought before it by all the occupants of said Prince Karl apartment house, in which said Sager was made defendant, had fixed the rent of said apartment No. 16 at $40 per month, which action of said commission had not been set aside; that she did not know the rent of said apartment had been so determined by the commission when she entered into the contract with Sager; that when she did learn thereof she declined to pay more rent than that fixed by the commission; that at the time of the proceedings before the rent commission one Elizabeth Koontz was the owner of the Prince Karl apartment house, but was not made a party to said proceedings, or notified thereof by the commission, by registered mail or in person; that at the time of the trial below one Mertz was the owner of said apartment house; that on the 23d day of September, 1921, he filed his bill of complaint in the

Supreme Court of the District of Columbia, asking for a decree that said lease made by said Sager and the defendant, Tebbs, was and is not affected by the decision of the rent commission; and alleging that during the month of June, 1921, after he had purchased said apartment house, he was informed of the proceedings had before said rent commission, already referred to, and that he did not know thereof before May or June, 1921. Defendant also proved that she was ready to pay rent for apartment No. 16 at the rate fixed by the rent commission.

At the conclusion of this evidence the defendant below moved for a finding in her favor and the dismissal of the complaint, in substance, upon the grounds: (1) That the rent commission had fixed the rent of the apartment in question at $40 per month; (2) that the contract of lease between the parties was so impressed with the decision of the commission as to make it conform thereto; (3) that the pending equity suit was between the same parties, and to determine the same question then before the court, and had not been disposed of. Thereupon the court overruled the motion, directed judgment for the plaintiff, to which the defendant excepted, and the case in due course comes here upon writ of error.

It is agreed that there are only two issues standing for determination, viz.: (1) Was the pendency of the prior equity suit on behalf of Mertz a bar to the prosecution of the suit now before us? (2) Was the finding of the rent commission invalid because the owner of the apartment house was not made party to the proceedings before it, and was not notified thereof by said commission, either personally or by registered mail?

The arguments in this case assume, and this decision takes cognizance of the same as facts in the case, that the Union Realty Corporation was not made party to the said bill of complaint; that the rent commission, as well as all the occupants of the Prince Karl apartment house, were made parties defendant thereto; and that injunction was therein prayed for, restraining said commission and other defendants from enforcing the penalties that are provided in such cases in the statute creating, and under and by virtue of which the rent commission was acting, which statutes will be hereinafter referred to.

The defendant in error argues that the defense of the pendency of another suit cannot be interposed, because not pleaded in abatement. We find it unnecessary to consider this question of pleading, because the pendency of the equity suit constitutes no defense to the present action.

[1] The complaint here alleges in effect that the defendant's estate in and right of possession to apartment 16 had been determined, because of default in the payment of rent, and asks a judgment for the restitution of the premises against her and its costs of suit. Disregarding any question of identity of parties in the two suits, the complaint in equity seeks, not the restitution of the premises in the possession of the defendant below, but an injunction restraining the rent commission and the several tenants in the apartment house, including Tebbs, from enforcing the penalties provided in a case like this for a disregard of or disobedience to the order of the rent commission. In the equity case, possession of the premises may not be awarded. In the instant case, injunctive relief cannot be obtained.

One of the recognized tests, where the defense of the pendency of a prior suit is made, is whether full and adequate relief is obtainable therein. If it is, the second suit is unnecessary and vexatious, and should abate; but it is otherwise if the whole relief in the second suit is not obtainable in the first. Watson v. Jones, 13 Wall. (80 U. S.) 679, at page 715, 20 L. Ed. 666; Buck v. Colbath, 3 Wall. (70 U. S.) 334, 18 L. Ed. 257; 1 Corpus Juris, 72; 1 R. C. L. pp. 14, 19. In Watson v. Jones, supra, the Supreme Court, discussing the question of abatement by reason of a former suit, uses the following illustration:

"A party having notes secured by a mortgage on real estate, may, unless restrained by statute, sue in a court of chancery to foreclose his mortgage, and in a court of law to recover a judgment on his notes, and in another court of law in an action of ejectment for possession of the land. Here, in all the suits, the only question at issue may be the existence of the debt secured by the mortgage. But, as the relief sought is different, and the mode of proceeding different, the jurisdiction of neither court is affected by the proceedings in the other."

It will be observed that the court was there speaking of three different suits between the same parties, in which the real question at issue was the existence of a debt, while in the case now before us, assuming, as claimed by the plaintiff in error, without admitting, that the plaintiff here and Mertz, the orator in the equity suit, though not the same in name, are in effect the same by privity, nevertheless, the fact that the relief sought in the two cases is not the same, although the real question is the validity of the judgment of the rent commission, brings this case squarely within the rule of those just cited in the Supreme Court.

We advance to the consideration of the second question. It will be noticed that the only issue raised is whether or not the judgment of the rent commission in the proceedings touching the fair rental value of apartment 16, and fixing the same at $40 per month, was or was not valid, and that the only challenge to such validity is that Elizabeth Koontz, the then owner of the property, was not made a party to the proceedings, and was not notified by the commission personally or by registered mail of the pendency thereof. The statute (41 Stat. 300) provides (section 106) that in such cases—

"the commission shall give notice personally or by registered mail and afford an opportunity to be heard to all parties in interest."

The defendant in error contends that Koontz was clearly a party in interest, and that failure to notify her, as provided in the statute, renders the proceedings before the rent commission void ab initio. The plaintiff in error meets this contention by the assertion that the term "parties in interest," employed in the statute, means the *parties to the proceeding,* as distinguished from others who may have an interest in the subject-matter; also that, it being established that Sager received notice, under the settled principle of law that notice to an agent is notice to his principal, the statute has been sufficiently complied with.

[2] We think, in view of the facts in this case, either of these claims of the plaintiff in error may well be sustained. Koontz, the real owner of the property, had intrusted the management of the same to Sager,

and, while the full extent of Sager's authority is not clearly shown, it is not claimed that he did not have authority to do all that the record shows he did. Indeed, the plaintiff below, by bringing its suit based upon the lease from Sager to Tebbs, assumes that he had such authority. Sager, having assumed the position of landlord, was the only person known to the defendant or to the rent commission against whom the complaint could be made, or to whom notice could be given.

The Supreme Court in Block v. Hirsh, 256 U. S. 135, 41 Sup. Ct. 458, 65 L. Ed. 865, 16 A. L. R. 165, has sustained the constitutionality of the statute, and declared that it embodied a scheme or code for enforcing its provisions. It was said in the opinion that the main point made against the law was that tenants were allowed to remain in possession at the same rent they had been paying, unless modified by the commission, and that thereby the use of the land and the right of the owner to do what he would with his own, and make what contracts he pleased with reference thereto, were cut down.

The court pointed out that the act was designed to secure a speedy and summary administration of its provisions, held that it was within the power of Congress to suspend the ordinary remedies usually existing in such cases, even to the extent of depriving the parties, both landlord and tenant, of a trial by jury on the right to the possession of the property involved, and that while the act was in force there was little to decide except whether or not the rent allowed was reasonable. In view of this interpretation of the act, we think it must be held that the judgment of the rent commission was, so far as the defendant in error is concerned, valid.

In this connection it is to be observed that Koontz, the owner, might, at any time after the proceedings were had against Sager, have made application in her own name to the rent commission for a modification of the judgment obtained in the first proceedings (section 111).

[3, 4] There is another view of the case, not specifically urged by counsel, that we think is equally, if not more, decisive of this issue. The defendant in error is the assignee of Sager of his rights under the lease. As such assignee its rights are no greater than those of Sager. He had assumed the relation of landlord and Tebbs had attorned to him as such. For the purposes of the proceedings before the rent commission, she was estopped from denying his title as landlord or owner of the property, even though he had no title thereto. Skidmore v. Pittsburgh Railroad Co., 112 U. S. 33, 5 Sup. Ct. 99, 28 L. Ed. 626; Rector v. Gibbon, 111 U. S. 276, 4 Sup. Ct. 605, 28 L. Ed. 427; Goode v. Gaines, 145 U. S. 141, 12 Sup. Ct. 839, 36 L. Ed. 654.

Reciprocally, and as a corollary to this proposition, Sager was estopped from denying that he had some title to the leased property, or at least a right to rent the same, or from setting up a title in Koontz for the purpose of defeating the lease. Davis v. Williams, 130 Ala. 530, 30 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55, and cases therein cited; 24 Cyc. 936.

If Sager had brought a petition to the rent commission against Tebbs, asking for an increased rental, Tebbs could not have invoked the title of Koontz to defeat the same, and if in this case Sager were the moving

party, instead of the Union Realty Corporation, he could not be heard to impeach the judgment of the commission in the first proceedings, because Koontz was not a party thereto, or notified thereof. But the defendant in error stands in Sager's shoes, and therefore it cannot now be heard to impeach that judgment.

It follows that there was error in the judgment of the municipal court, and it is reversed, with costs, and remanded, with direction to grant a new trial.