## UNION REALTY CORPORATION v. WILLS.

(Court of Appeals of District of Columbia. Submitted November 2, 1922. Decided February 5, 1923. Rehearing Denied February 28, 1923.)

No. 3821.

Courts ⟨⇒⟩190(8)—Judgment of municipal court for right party for wrong reason affirmed.

    Where the municipal court rendered judgment for defendant on the erroneous ground that the pendency of the suit to enjoin the enforcement of the rent commission's order fixing the rent of the premises was a bar to the municipal court action, but defendant was entitled to judgment under a valid decision of the rent commission, the judgment will be affirmed.

Writ of Error to the Municipal Court.

Action by the Union Realty Corporation against Col. E. B. Wills to recover possession of a leased apartment, with which 10 other cases involving the same legal issues were consolidated. Judgment for defendant, and plaintiff brings error. Affirmed.

William E. Richardson and Waller M. Bastian, both of Washington, D. C., for plaintiff in error.

Guy Mason, of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This case was heard with No. 3811, Eloise M. Tebbs v. Union Realty Corporation, 286 Fed. 1011, concurrently decided.

It comes here on writ of error to the municipal court of the District of Columbia. It is for the recovery of another of the apartments in the Prince Karl apartment house.

Ten other cases, involving precisely the same legal issues, were brought in said court, and consolidated and tried there with this. The controlling facts here are the same as in the Tebbs Case, though differently presented upon the record.

The judgment of the municipal court was that the pendency of the prior equity suit brought by Mertz against the rent commission and the tenants of the Prince Karl apartment house, referred to in the opinion in the Tebbs Case, was a bar to the suit here, as the same question, to wit, the validity of the finding of the rent commission, was in issue in both cases, and its judgment was therefore for the defendant in error.

For the reasons set forth in the opinion in the Tebbs Case, we conclude that the court below erred in holding that pendency of the prior equity suit was a bar; but, in view of the fact that judgment below was in favor of the defendant in error, that judgment is affirmed, with costs.