### CHASTLETON CORPORATION et al. v. SINCLAIR et al.

(Court of Appeals of District of Columbia. Submitted May 2, 1923. Decided June 4, 1923.)

No. 3915.

1. **Landlord and tenant** ⬅➡200(1½)—**Service of notice on rental agents gives rent commission jurisdiction.**

The service of notice by the rent commission on the rental agent of the property is sufficient to confer jurisdiction in the commission to proceed with the adjustment of rents, in the absence of the owner of the property.

2. **Injunction** ⬅➡28—**Remedy by appeal from rent commission held adequate.**

A bill for an injunction restraining the enforcement of an order of the rent commission was properly dismissed for want of equity, where the complainants had duly perfected their appeal from the rent commission to the Supreme Court of the District, and all questions which they urged in support of their right to injunction could be preserved and presented on appeal.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Courts ⬦91 (1)—Decision of United States Supreme Court, sustaining formei rent law, followed.**

Since the former rent law was sustained by the United States Supreme Court, the Court of Appeals of the District will not, in a proceeding in which the present rent law is attacked, attempt to determine whether there are distinctions in the present law which would cause the United States Supreme Court to change its opinion.

Appeal from the Supreme Court of the District of Columbia.

Suit in equity by the Chastleton Corporation and others against A. Leftwich Sinclair and others, Rent Commissioners of the District, and others. From a decree denying the motion for a restraining order, and dismissing the bill for want of equity, complainants appeal. Affirmed.

W. Gwynn Gardiner, of Washington, D. C., for appellants.

R. H. McNeill and Chapin Brown, both of Washington, D. C., for appellees.

Before SMYTH, Chief Justice, VAN ORSDEL, Associate Justice, anl SMITH, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellants filed a bill in equity in the Supreme Court of the District of Columbia to restrain defendants and each of them from attempting in any wise to enforce the terms of an order entered by defendant rent commission on August 15, 1922. From a decree denying complainants' motion for a restraining order, and sustaining a motion of defendants to dismiss the bill for want of equity, this appeal was taken.

The order complained of readjusted and reduced rental rates on a large number of apartments in the Chastleton apartment building in this city. It appears, however, from the statement of the chancellor in the court below, when the decree in this case was entered, that an appeal had been taken by appellants from the order of the commission to the general term of the Supreme Court of the District of Columbia, and that the appeal had been perfected within the necessary 10 days from the date of the order.

[1] The bill, among other things, avers, as ground for injunction, that notice was not served by the rent commission upon the owner of the property, but that service was had upon the rental agents. The sufficiency of such notice to give the rent commission jurisdiction is challenged. This court had occasion to fully consider this question in a case where the facts were similar to those in the present case, and it was held that the notice upon the rental agent is sufficient to confer jurisdiction in the commission to proceed with the adjustment of rents in the absence of the owner of the property. Tebbs v. Union Realty Corporation, 52 App. D. C. 347, 286 Fed. 1011.

[2] Coming to the ground upon which the motion to dismiss in the court below was based, namely, want of equity, we are of opinion that all the questions raised by the bill can be preserved and presented on appeal, and that appellants are furnished such a complete and adequate remedy at law as to forbid recourse to equity.

[3] The constitutionality of the present rent law (42 Stat. 543) is

assailed in this proceeding. The constitutionality of the former rent law (41 Stat. 297) was sustained by the Supreme Court in the case of Block v. Hirsh, 256 U. S. 135, 41 Sup. Ct. 458, 65 L. Ed. 865, 16 A. L. R. 165. Whether there are distinctions in the present law which would cause that court to change its opinion is not for us to determine.

The decree is affirmed, with costs.

Appeal to the Supreme Court of the United States granted July 2, 1923.