GILBERT v. SARGENT, Atty. Gen., et al.

Court of Appeals of District of Columbia.
Submitted January 4, 1927. Decided May 2, 1927.

No. 4449.

1. Injunction ⬅85(1)—Landlord held entitled to maintain suit to enjoin enforcement of orders of rent commission, as against objection that remedy was by appeal (Food Control and the District of Columbia Rents Act).

Landlord *held* entitled to maintain suit in equity to enjoin enforcement of certain orders of rent commission, as against objection that remedy was by appeal from commission's determinations, and hence exclusion of evidence of unreasonableness of rates, and that emergency validating the Food Control and the District of Columbia Rents Act (41 Stat. 297) had passed, was improperly excluded.

2. Landlord and tenant ⬅200(1½)—Failure to notify landlord of complaints before rent commission held not jurisdictional defect, rendering commission's determinations void.

Failure of rent commission to notify landlord of filing of complaints *held* not jurisdictional defect, rendering its determinations void; landlord's rental agent having been made a party and appeared.

3. Injunction ⬅114(4)—Attorney General held properly substituted for rent commission as party defendant in suit to enjoin enforcement of commission's orders (Act Aug. 24, 1921, § 4 [42 Stat. 200]; Act May 22, 1922, § 17 [42 Stat. 551]).

In suit to enjoin enforcement of certain orders of rent commission, Attorney General of the United States ·held properly substituted for rent commission as a party defendant in the suit, in view of Act Aug. 24, 1921, § 4 (42 Stat. 200), and Act May 22, 1922, § 17 (42 Stat. 551).

Appeal from the Supreme Court of the District of Columbia.

Suit by William O. Gilbert against the Rent Commission of the District of Columbia and others, wherein John G. Sargent, Attorney General of the United States, was substituted for the Rent Commission as party defendant. From a decree for defendants, plaintiff appeals. Reversed and remanded.

R. A. Ford and G. R. Linkins, both of Washington, D. C., for appellant.

A. C. Wells, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court dismissing appellant's bill for an injunction against the enforcement of certain orders of the rent commission of the District of Columbia.

On November 1, 1921, appellant as plaintiff filed a bill in equity in the lower court against the rent commission and certain tenants of plaintiff as defendants, alleging that since April 1, 1921, he had been and still was the owner in fee simple of a certain apartment house situate within the District; that he acquired the property subject to various outstanding leases held by defendants, which theretofore had been executed by and in the name of one George W. Linkins, whom

plaintiff later employed as his rental agent; that in June, 1921, the tenants, now defendants, filed written complaints with the rent commission under section 106 of the Food Control and the District of Columbia Rents Act, approved October 22, 1919 (41 Stat. 300), alleging that the rentals being paid by them under their leases with Linkins were unfair and unreasonable; that these complaints were filed against Linkins only, and plaintiff was not made a party in the proceedings, nor served with notice thereof, although his title to the property was a matter of record, and was well known to the rent commission and other defendants; that afterwards, to wit, on October 21, 1921, the rent commission entered a finding that the rents stipulated in the written leases were unfair and unreasonable, and determined and fixed certain lower rates as the fair and reasonable rentals for the apartments; that the defendants, as tenants, were continuing to occupy their apartments under the reduced rentals fixed by the rent commission; that the reduced rates were in fact unfair, unreasonable, and confiscatory; that the emergency in rental conditions in the District of Columbia, which had rendered the Rents Act valid at the time of its enactment, had passed, and that the act was no longer valid and operative; and that the determination of the rent commission was void, because of the failure to notify plaintiff of the filing and pendency of the complaints. Wherefore plaintiff prayed for an injunction against the enforcement thereof.

The defendants answered, admitting the filing of the complaints and the rent commission's determinations thereon, and alleging that the latter were fair and reasonable, and were binding upon plaintiff under the provisions of the Rents Act. On November 29, 1921, a temporary restraining order was entered by the lower court, enjoining defendants from enforcing the order of the rent commission pending the suit. On May 22, 1923, the lower court dissolved the temporary injunction, and referred the cause to the auditor, to ascertain and report the amounts of the excess payments made by the defendants as tenants, over and above the amounts fixed by the rent commission. The auditor thereupon reported to the court the amounts of such excess payments made between the time of filing the complaints and June 1, 1923, by which time the various complaining tenants had vacated the apartments.

Afterwards, to wit, on April 25, 1923, the issues came to trial before the court; the Attorney General of the United States being substituted for the rent commission as defendant. It was conceded in open court that at the hearing before the rent commission notice was given by Linkins that he was merely the rental agent for plaintiff, who was the owner of the property; that Linkins objected against proceeding without notice to plaintiff as owner; that the objection was overruled by the rent commission, and the determinations made without notice to plaintiff. The plaintiff also tendered proof as to the value of the property at the times in question, to show that the return under the reduced rates would be less than 4 per cent. per annum thereon, and accordingly confiscatory. The lower court rejected the evidence as incompetent. The plaintiff also tendered evidence to show that there was no emergency existing in the District of Columbia at the times in question, and that the act of Congress creating the rent commission was not operative at the date of the determinations. This evidence also was rejected. The court then ratified and confirmed the auditor's report, awarded execution to defendants for the excess payments, and finally dismissed plaintiff's bill. The present appeal was then taken.

[1] We think that the controlling question herein was answered by the Supreme Court of the United States in Chastleton Corporation v. Sinclair, 264 U. S. 543, 44 S. Ct. 405, 68 L. Ed. 841. In that case, as in this, it was argued that the only remedy permitted the owner by the Rents Act was by way of appeal from the commission's determinations, and that equity would refuse relief because of the right to appeal at law. This argument was answered in the following language:

"It is objected that the plaintiffs have an adequate remedy at law by way of appeal. But, apart from the fact that it is doubtful whether the Chastleton Corporation and Hahn were not entitled to treat the order as a nullity so far as they were concerned, it is open to equal doubt whether, in a proceeding under the law, they could assail its validity. There are many tenants to be dealt with. However looked at, a bill in equity is the natural and best way of settling the parties' rights."

It follows accordingly that the plaintiff below was entitled to bring his suit in equity, and therefore entitled to submit evidence showing that the rentals fixed by the commission were unfair, unreasonable, and confiscatory. The rejection of such evidence was error. Similarly the plaintiff was entitled to submit evidence to show that the

emergency which existed at the passage of the original Act of October 22, 1919, had ceased prior to June 1, 1923, up to which time the lower court entered its decree for defendants for all excess payments made by them over the rates fixed by the rent commission. The first rent law expired on October 22, 1921; it was extended by Act of Congress (42 Stat. 200) until May 22, 1922; it was then extended until May 22, 1924 (42 Stat. 543). The decree of the lower court accordingly included excess payments made by the tenants during a period extending beyond the expiration of the second act. In the Chastleton Case, supra, the court said:

"Here, however, it is material to know the condition of Washington at different dates in the past. Obviously the facts should be accurately ascertained and carefully weighed, and this can be done more conveniently in the Supreme Court of the District than here. The evidence should be preserved, so that, if necessary, it can be considered by this court."

[2, 3] It was contended by plaintiff below that the failure of the rent commission to notify him of the filing of the complaints was a jurisdictional defect, which rendered the determinations void. Under the ruling upon this point in Tebbs v. Union Realty Corporation, 52 App. D. C. 347, 286 F. 1011, and Chastleton Corporation v. Sinclair, 53 App. D. C. 373, 290 F. 348, we disagree with this contention. Moreover, we are of the opinion that the lower court did not err in substituting the Attorney General for the rent commission as a party defendant in the suit. Section 4, Act approved August 24, 1921; section 17, Act of May 22, 1922.

The decree of the lower court is reversed, with costs, and the cause is remanded, for further proceedings not inconsistent herewith.