## WILLIAMS et al. v. PEARSON.
## No. 439.

Municipal Court of Appeals for the
District of Columbia.

Nov. 19, 1946.

———◆———

Margaret A. Haywood, of Washington, D. C., for appellants.

Thomas X. Dunn, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This was a landlord and tenant suit for possession, and is closely related to a suit in the District Court of the United States for the District of Columbia brought to enforce a covenant prohibiting the sale or rental of several properties to "negroes or colored persons." On December 10, 1945, a judgment was entered in the District Court case enjoining Florence E. Urciolo from renting, leasing, selling, transferring or conveying several improved lots, including the one involved here, to any negro or colored person. An appeal from that judgment was taken to the United States Court of Appeals for the District of Columbia and is pending in that court awaiting argument. On March 1, 1946, the United States Court of Appeals, upon application of Urciolo and others, ordered the judgment of the District Court stayed pending final disposition of the appeal. Immediately after this stay Urciolo sold the premises to plaintiffs. They, on April 5, 1946, filed this suit against defendant on the ground, under the District of Columbia Emergency Rent Act,[1] that they desired the premises for their own personal and immediate use and occupancy as a dwelling. When this case came to trial, defendant stipulated that a proper 30 days' notice to quit had been served and also that there was no question regarding the good faith of plaintiffs. Defendant urged, however, that the landlord and tenant action should be dismissed because of the District Court injunction, and the trial judge sustained the motion on the ground stated. From the order of dismissal plaintiffs prosecute this appeal.

The record before us is silent as to the race or color of plaintiffs, but they appeared personally before the trial court, and this appeal was argued on the assumption that they are colored. It was conceded, implicitly at least, that, if the injunction ordered by the District Court is affirmed on appeal, then the sale to plaintiffs will be null and void, and consequently that plaintiffs will no longer be the owners of the property. It was likewise agreed that the monthly rental agreement under which defendant occupies the premises was assigned to plaintiffs as a part of the transaction whereby the property was deeded to them by Urciolo. As such assignees, their rights were no greater than those of Urciolo.[2] It was also conceded by defend-

---

[1] Code 1940, § 45—1605(b) (2).

[2] Tebbs v. Union Realty Corporation, 52 App.D.C. 347, 286 F. 1011.

ant that, if the United States Court of Appeals reverses the District Court and the injunction is dissolved, plaintiffs will be entitled to judgment in the landlord and tenant proceeding. Plaintiffs urge, however, that the effect of the stay ordered by the United States Court of Appeals is to supersede the District Court judgment, and hence that plaintiffs are now entitled to possession and that the trial court erred in dismissing their suit.

The effect of the stay ordered by the United States Court of Appeals is for that court to determine. The injunction issued by the District Court contained provisions both mandatory and prohibitory. As to some properties which had been deeded previously to negroes or colored persons, the injunction was mandatory and declared such conveyances null and void. As to other properties, including the one involved here, the injunction was prohibitory and ordered that no conveyance be made to negroes or colored persons. The order of the United States Court of Appeals was general in terms and provided that the "judgment appealed from in these causes be, and it is hereby stayed pending final disposition of these appeals."

Some courts have held, under similar circumstances, that such a stay, as to prohibitory injunctions, does not vacate the judgment but holds it in abeyance, that it maintains the status quo at the time of the appeal, not the status quo ante.[3]

■ Whatever the effect of the stay, however, if the District Court injunction is ordered dissolved by the United States Court of Appeals, then plaintiffs' right to own the property would be confirmed, and they would be entitled to judgment for possession against defendant. Hence, dismissing their suit now deprived them of rights which they may later be found to have. Under such circumstances, it was error to dismiss the present suit.[4] On the other hand, if plaintiffs here were given judgment for possession against defendant, as urged by plaintiffs, and subsequently the injunction were sustained, plaintiffs would be deprived of their ownership of the property; but this would be of no benefit to defendant because he would already have been dispossessed and forced to seek other housing accommodations.

Under the District of Columbia Code, Code 1940, § 45—910, the Municipal Court has exclusive jurisdiction over suits of this type. Likewise, the District Court had exclusive jurisdiction over the suit commenced there and now pending on appeal in the United States Court of Appeals.

Since the District Court case was filed first and since the appeal from that judgment inevitably will determine the right of plaintiffs to maintain the present landlord and tenant suit, the rule to be applied is clear. "When a court has assumed jurisdiction of a subject, all other courts should refrain from interference. In no other way can be prevented unseemly conflict between courts."[5] Comity can best be maintained here, not by dismissing the landlord and tenant case, as was done by the trial court, but by staying the proceeding until the appeal now pending in the United States Court of Appeals is determined.

Reversed and remanded for further proceedings in accordance with this opinion.

---

[3] Sena v. District Court, 30 N.M. 505, 240 P. 202, and cases cited therein.

[4] Watson v. Jones, 80 U.S. 679, 20 L. Ed. 666; Buck v. Colbath, 70 U.S. 334, 18 L.Ed. 257; Tebbs v. Union Realty Corporation, supra.

[5] Ryan v. Seaboard & R. R. Co., C.C. E.D.Va., 89 F. 397, 408. See also Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Brooks Transportation Co. v. McCutcheon, 80 U.S.App.D.C. 406, 154 F.2d 841.