# DETROIT & T. S. L. R. CO. v. INTERSTATE COMMERCE COMMISSION.

(Court of Appeals of District of Columbia. Submitted November 8, 1921. Decided December 5, 1921.)

## No. 3697.

1. Courts ⬅️522—Jurisdiction first to attach is exclusive.

Where another federal court had obtained jurisdiction over a suit to determine which of two railroads was entitled to a fund, that jurisdiction is exclusive, and the District of Columbia courts will not entertain certiorari to compel the Interstate Commerce Commission to credit the amount of that fund as part of the operating revenue of one of the railroads, in determining the compensation to which it was entitled while under federal control, which would involve the determination of the right of that railroad to the fund.

**2. Certiorari ⬦➝29—Not issued to review decision of administrative body within jurisdiction.**

Certiorari will not issue to an administrative officer or body to review a decision in a matter over which the officer or body had jurisdiction.

**3. Commerce ⬦➝85—Decision of right to deduct from operating income held within Interstate Commerce Commission's jurisdiction.**

Under Act. March 21, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾a), making it the duty of the Interstate Commerce Commission to ascertain the average annual operating income on which the compensation of a railroad during federal control was to be based, it was necessary for the Commission to determine what items should be included in the income, and a decision deducting from the income the item in controversy was within its jurisdiction, and not reviewable by certiorari.

**4. Commerce ⬦➝88—Certiorari does not issue to review decision of Interstate Commerce Commission.**

A writ of certiorari should not issue to review a decision of the Interstate Commerce Commission, even if such decision was beyond its jurisdiction, especially where the Commission's action was not final under the statute.

Appeal from the Supreme Court of the District of Columbia.

Petition for certiorari by the Detroit & Toledo Shore Line Railroad Company against Interstate Commerce Commission. From a judgment dismissing the petition, petitioner appeals. Affirmed.

S. McC. Hawken and Alfred G. Hagerty, both of Washington, D. C., for appellant.

P. J. Farrell, of Washington, D. C., for appellee.

SMYTH, Chief Justice. The court of first instance denied the appellant's petition for a writ of certiorari, which would command the Interstate Commerce Commission to certify to the court the record upon which the Commission refused certain relief prayed for, and the appellant brings the case here, alleging error and asking for a reversal.

By an act of Congress approved March 21, 1918 (40 Stat. 451; Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), provision is made for compensating the owners of railroads brought under governmental control during the World War. It is provided therein that the President may make an agreement with each carrier to pay it annually during the period of federal control a sum "equivalent as nearly as may be to its average annual railway operating income for the three years ending June 30, 1917." For the purpose of furnishing a basis for the agreement it is made the duty of the Interstate Commerce Commission to ascertain the average annual railway operating income during the period mentioned and certify it to the President, and its certificate, for the purposes of the agreement is to be taken as conclusive. Section 1.

It is further provided that, in the event the President and the carrier are not able to agree upon the amount, the carrier's claim for compensation may be submitted either by the President or the carrier to a board consisting of three referees to be appointed by the In-

⬦➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

terstate Commerce Commission, which is given authority to summon witnesses, require the production of records, etc., view the property of the carrier, administer oaths and hold hearings wherever the convenience of the parties may require. The President is authorized to make an agreement with the carrier based on the finding of the board, but if he and the carrier cannot agree, either the United States or the carrier is given the right to apply to the Court of Claims to determine the amount which the carrier is justly entitled to, and the court is required to give the matter precedence and expedite its disposition in every practicable way. Section 1.

In the process of ascertaining the average annual railway operating income of the appellant, the Commission's attention was directed by the appellant to an item of $164,800, which, it claimed, had been erroneously deducted on its books from its operating revenues during the test period, and it sought authority from the Commission to change its books by eliminating the deduction.

The elimination, if permitted, would have had the effect of increasing appellant's operating income by the amount of the item. Appellant also directed attention to the fact that the item in question represented a claim made by another carrier against it, and that this claim was in litigation in the federal court for the Eastern district of Michigan, Southern division, at the time the request was made. The authority was denied, and the Commission in its certificate treated the amount as it found it on the books of the appellant.

[1] Before the writ could be granted it would be necessary for the court to decide that the item of $164,800 should not be deducted; but whether it should be or not is, in effect, the question before the federal court in Michigan. If the plaintiff in the action there pending succeeds, it must be deducted. The jurisdiction of that court, being the first to attach, is exclusive, and we have no right to interfere with it. In re Chetwood, 165 U. S. 443, 17 Sup. Ct. 385, 41 L. Ed. 782; Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287; Insurance Co. v. Dunn, 19 Wall. 214, 22 L. Ed. 68; New Orleans v. Steamship Co., 20 Wall. 387, 22 L. Ed. 354.

[2] The Interstate Commerce Commission is an administrative body. Interstate Commerce Commission v. Brimson, 154 U. S. 447, 14 Sup. Ct. 1125, 38 L. Ed. 1047. Recently we had occasion to consider whether or not a writ of certiorari would issue to an administrative officer for the purpose of reviewing his decision in a matter over which he had jurisdiction, and we held, following a decision of this court (Degge v. Hitchcock, 35 App. D. C. 218), affirmed by the Supreme Court of the United States (229 U. S. 162) 33 Sup. Ct. 639, 57 L. Ed. 1135), that it would not. Mickadiet v. Payne, 269 Fed. 194, 50 App. D. C. 115.

[3] Appellant recognizes the soundness of this rule, but seeks to escape its effect by endeavoring to show that the Commission acted outside of its jurisdiction. The Commission was charged with the duty of ascertaining the operating income of the company. In performing that duty it was necessary for it to determine what items should be included in the income and what should not be. It therefore

was acting within its jurisdiction when it decided that the item of $164,800 should be treated as the company had treated it on its books, namely, as a deduction.

[4] Even though the Commission had acted outside of its jurisdiction, the writ should not issue. In Degge v. Hitchcock, supra, the Supreme Court of the United States was asked to decide whether or not the writ would issue to review the action of the Postmaster General denying to Degge the use of the mails. The court, after stating that the order was administrative, said that this—

"was sufficient to prevent it from being subject to review by writ of certiorari. The Postmaster General could not exercise judicial functions, and in making the decision he was not an officer presiding over a tribunal where his ruling was final, unless reversed. Not being a judgment, it was not subject to appeal, writ of error, or certiorari. Not being a judgment, in the sense of a final adjudication, the appellants were not concluded by his decision, for, had there been an arbitrary exercise of statutory power or a ruling in excess of the jurisdiction conferred, they had the right to apply for and obtain appropriate relief in a court of equity. School of Magnetic Healing v. McAnnulty, 187 U. S. 94; Philadelphia Co. v. Stimson, 223 U. S. 605, 620. The fact that there was this remedy is itself sufficient to take the case out of the principle on which, at common law, right to the writ was founded. For there it issued to officers and tribunals only because there was no other method of preventing injustice."

Here, as we have seen, the action of the Commission was not final, for the carrier had the right to apply to the board of referees, and, if not satisfied by its decision, to the Court of Claims.

We think the judgment discharging the rule and dismissing the petition was clearly right, and it is affirmed, with costs.

Affirmed.