### HARLAN v. HARLAN.

(Court of Appeals of District of Columbia.   Submitted May 1, 1922.   Decided June 5, 1922.)

#### No. 3771.

1. **Courts ⚖︎508(1)—Courts of District are "courts of the United States" under statute forbidding injunction against state courts.**

   The courts of the District of Columbia are courts of the United States within Jud. Code, § 265 (Comp. St. § 1242), prohibiting injunction by any court of the United States to stay proceedings in any court of a state.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Courts of the United States.]

2. **Courts ⚖︎508(2)—Courts of District cannot enjoin party from proceeding with state suit previously filed.**

   Under Jud. Code, § 265 (Comp. St. § 1242), prohibiting injunction by any court of the United States to stay proceedings in a state court, the courts of the District of Columbia cannot enjoin a party from proceeding with a suit previously filed in a state court, even in so far as it relates to bonds within the District which the plaintiff in the suit for injunction deposited in the registry of the court, since the parties were within the jurisdiction of the state court, and its power to control the disposition of such bonds is ample.

3. **Courts ⚖︎493(3)—Court of District will permit state court first acquiring jurisdiction to exhaust remedy before proceeding therein.**

   As a matter of comity the courts of the District will permit a state court which has first acquired jurisdiction of the controversy to proceed to exhaust its remedy before entertaining a suit with reference thereto, and where the state court can give full remedy the suit in the District will be dismissed.

Appeal from the Supreme Court of the District of Columbia.

Interpleader by John Maynard Harlan against James S. Harlan and Richard D. Harlan.   From a decree granting an injunction restraining defendant James S. Harlan from prosecuting a suit in Illinois in so far as it relates to the property involved in the interpleader, James S. Harlan appeals.   Reversed and remanded, with directions to dismiss the bill.

George P. Hoover, of Washington, D. C., for appellant.

Henry E. Davis, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice.   Plaintiff, John Maynard Harlan, filed a bill of interpleader in the Supreme Court of the District against his brothers, James S. Harlan and Richard D. Harlan, in which he prayed that defendants interplead in respect of the alleged right of the respective parties to certain bonds, and that defendant James S. Harlan be restrained permanently from prosecuting a certain suit in the courts of the state of Illinois, in so far as it relates to the property here involved.

From a decree granting an injunction, special appeal to this court was allowed.

Our attention has been directed to the single question of the power of the Supreme Court of the District to restrain defendant from pro-

---

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ceeding in the state court of Illinois. Appellant invokes the inhibition of section 265 of the Judicial Code of the United States (36 Stat. L. 1162; chapter 231, Compiled Statutes, § 1242) as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

[1] This action has no relation to proceedings in bankruptcy; hence the exception to the general scope of the statute is beside the case. We have repeatedly held that the courts of the District are courts of the United States, and included within the prohibition of the statute. U. S. v. Mills, 11 App. D. C. 500, 505; Keane v. Chamberlain, 14 App. D. C. 84; and Building Association v. Bouic, 44 App. D. C. 408.

[2] The suit was brought by appellant in Illinois, and jurisdiction of · the parties acquired, several days before appellee brought suit here. The subject-matter of the suit here is or may be involved properly in the general suit for accounting between the parties there; and the mere fact that plaintiff brought the bonds in question into the District of Columbia, and deposited them in the registry of the court, implies no such status of the res as will affect the operation of the statute. The parties are within the jurisdiction of the Illinois court, and its power to control the disposition of the bonds is ample.

[3] Certain rules of comity are recognized by the state and federal courts which forbid conflict of jurisdiction.

"We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory. It would be impossible for such courts to fulfill their respective functions without embarrassing conflict unless rules were adopted by them to avoid it. * * * The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose." Ponzi v. Fessenden et al., 258 U. S. —, 42 Sup. Ct. 309, 66 L. Ed. — (present term).

It follows, therefore, that the Illinois court, having first acquired jurisdiction of the parties and subject-matter of the present suit, "must be permitted to exhaust its remedy" before the court here would in any event have jurisdiction to proceed. And the adjudication of the matter here in issue by a decree of the Illinois court would so operate upon the plaintiff as to bar further proceedings in this action. The prayer of plaintiff that defendant be restrained from prosecuting his case in Illinois, "in so far as it relates to the subject-matter hereof," amounts to a concession that the matter here involved is there subject to adjudication; hence nothing remains over which this court would have jurisdiction after the Illinois court has exhausted its remedy.

Certain exceptions to the general operation of the statute are pointed out by counsel for appellee, and authority cited in support thereof. Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870; Bank v. Stevens, 169 U. S. 432, 18 Sup. Ct. 403, 42 L. Ed. 807; Hull v. Burr, 234 U. S. 712, 723, 34 Sup. Ct. 892, 58 L. Ed. 1557. It may be suggested, however, that these cases fully support and define the general

scope of the statute, and illustrate its direct application to this·case. The exceptions therefore·need not be considered.

The decree granting the injunction is reversed, with costs, and the cause is remanded, with directions to enter a decree dismissing the bill.