**UNITED STATES ex rel. SKINNER & EDDY CORPORATION v. McCARL, Comptroller General.**

(Court of Appeals of District of Columbia. Submitted October 5, 1925. Decided November 2, 1925. Rehearing Denied November 21, 1925.)

No. 4345.

1. **Mandamus ⬅5—Petition for mandamus held properly dismissed, in view of previously acquired jurisdiction of same controversy by court of co-ordinate authority.**

Petition for mandamus to compel Comptroller General of the United States to pass on claim growing out of contracts between petitioner and the United States Shipping Board Emergency Fleet Corporation *held* properly dismissed, in view of previously acquired jurisdiction of federal District Court of two suits then pending, one by the petitioner against the Fleet Corporation, and the other by the United States as assignee of Fleet Corporation against petitioner; both involving same contracts.

2. **Courts ⬅519—One court may not interfere with acquired jurisdiction of court of co-ordinate authority.**

One court having acquired jurisdiction of subject-matter of case, no other court of co-ordinate authority is at liberty to interfere with its action.

Appeal from Supreme Court of District of Columbia.

Petition by the United States, on the relation of the Skinner & Eddy Corporation, for writ of mandamus to be directed against J. R. McCarl, Comptroller General of the United States. From a judgment dismissing the petition, petitioner appeals. Affirmed.

J. B. Carter, of Washington, D. C., for appellant.

Peyton Gordon and M. E. Rhodes, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment dismissing a petition for mandamus to compel appellee to pass upon a claim of appellant growing out of contracts between the United States Shipping Board Emergency Fleet Corporation and the Skinner & Eddy Corporation.

There now is pending in the United States District Court for the Western District of Washington a suit instituted by the Skinner & Eddy Corporation against the Emergency Fleet Corporation and based upon the above contracts. The Emergency Fleet Corporation made what purported to be a general assignment to the United States. Thereupon the United States, as assignee, instituted suit in the United States District Court for the Western District of Washington on claims growing out of the same contracts involved in the suit filed by the Skinner & Eddy Corporation.

Prior to the assignment of these contracts to the United States, the Comptroller General had ruled that claims thereunder by the Skinner & Eddy Corporation were not claims against the United States, but claims against the Emergency Fleet Corporation. After the assignment by the Emergency Fleet Corporation, and, as stated by the Skinner & Eddy Corporation, in anticipation of the bringing of the suit which the United States subsequently filed, the jurisdiction of the Comptroller General again was sought to be invoked, and denied.

[1] Appellant maintains that the status of the Emergency Fleet Corporation has been definitely determined by the Supreme Court of the United States to be that of a private business corporation, having a distinct entity and not entitled to the immunity of the sovereign, and hence that it may be sued as any other private corporation for its torts or upon its contracts. In support of this contention are cited U. S. v. Strang, 254 U. S. 491, 41 S. Ct. 165, 65 L. Ed. 368, and Sloan Shipyard Corp. v. U. S. E. F. C., 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762. Those decisions apparently fully sustain this contention. Appellant further contends that the assignment of these contracts to the United States has no greater efficacy than the assignment to an individual, and cites U. S. v. Buford, 3 Pet. 12, 30, 7 L. Ed. 585. Certainly this is the general rule. In 5 C. J. 963, it is said: "So the assignee takes the chose subject to all equities and defenses between the assignor and the debtor existing at the time of the assignment, to all counterclaims against the assignor then held by the debtor, and to arrangements made between the debtor and the assignor prior to the time when the debtor receives notice of the assignment." See, also, The Siren, 7 Wall. 152, 154, 19 L. Ed. 129, and North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 14 S. Ct. 710, 38 L. Ed. 565. Under the view we take of the case, however, it is unnecessary to determine these questions.

[2] It is manifest that there are pending in a court of competent jurisdiction two suits involving the contracts upon which the claims submitted to the Comptroller General are based. If, as suggested by appellant, that

court should be of opinion that the assignment to the United States was subject to all existing equities, and that the claim here involved is not in law a claim against the United States, notwithstanding the assignment, then there would be no necessity for the writ. But, whatever may be the decision of that court, it having acquired jurisdiction of the subject-matter of this case, no court of co-ordinate authority is at liberty to interfere with its action. This principle is so familiar as to require no citation of authorities.

It results that the judgment below was right and must be affirmed.

Affirmed.