## ALUMINUM COMPANY OF AMERICA *v.* UNITED STATES.

No. 281. Argued November 8, 9, 1937.—Decided December 6, 1937.

*Mr. William Watson Smith*, with whom *Messrs. Frank B. Ingersoll* and *Leon E. Hickman* were on the brief, for appellant.

*Assistant Attorney General Jackson*, with whom *Solicitor General Reed*, and *Messrs. Walter L. Rice, John W. Aiken, Hugh B. Cox, John C. Herberg*, and *Edward Dumbauld* were on the brief, for the United States.

Mr. Justice McReynolds delivered the opinion of the Court.

This appeal brings up a final decree of the District Court, Western District of Pennsylvania, three judges sitting, which vacated a preliminary injunction and refused to restrain law officers of the United States from conducting a proceeding against appellant in another district.

June 9, 1912, in the present cause—"Pennsylvania Suit"—when appellant was the only defendant, a consent decree cancelled certain restrictive provisions of designated contracts and forbade future violations of the antitrust laws by it, its officers, agents and representatives. With certain modifications (1922) presently unimportant this decree remains in force.

April 23, 1937, the United States through their law officers, defendants here, instituted a proceeding in the Southern District of New York—"New York Suit"— wherein the appellant, its officers, agents, stockholders and others (sixty-three in all), were named as defendants. All of these were charged with violating the antitrust laws and appropriate relief through injunctions, dissolution of appellant, rearrangement of its properties, etc., was asked.

April 29, 1937, in the "Pennsylvania Suit" appellant asked and the District Court entered an ex parte order directing the law officers concerned with the New York suit to appear as defendants. It then filed the petition now before us wherein it prayed for an injunction restraining these officers from proceeding further in New York against it, its wholly owned subsidiaries, officers and directors.

The petition charged that prosecution of the later suit would subject appellant to the peril of concurrent decrees on the same subject matter by two courts; also that there

was the possibility of conflicting decrees and unseemly conflict. The prayer for relief rested essentially upon the assertion that the suit embraced subject matters and issues substantially identical with those previously presented and adjudicated by the consent decree of 1912.

The law officers appeared specially and answered; the Attorney General filed an expediting certificate under the Act of February 11, 1903, as amended, 15 U. S. C. 28, 29; a court of three judges assembled, heard evidence, made findings of fact and denied relief. Errors were assigned; this appeal followed.

Plainly, and there is no suggestion to the contrary, appellant cannot succeed unless the Pennsylvania and New York suits are substantially identical in subject matter and issues. It says that comparison of the petitions in the two causes reveals this fact. Also that comparison of the petition in the later suit with the prohibitions of the 1912 consent decree shows the alleged identity, since each charging paragraph of the petition sets up violations of the antitrust laws inhibited by the decree.

On the other hand, counsel for the United States submit that the two suits differ in substantial respects— defendants, charges and relief prayed.

The court below found: "The subject matter, parties, issues and relief sought in the New York suit differ substantially from those in the 1912 suit. The New York suit does not attack the affirmative provisions of the 1912 decree or seek to reverse any action taken by the District Court for the Western District of Pennsylvania in the suit in 1912. The New York suit does not subject Aluminum Company to the peril of two conflicting decrees. Aluminum Company will not suffer irreparable injury by being compelled to defend the suit in the Southern District of New York. . . ." It concluded that the two suits were dissimilar in respect of parties defendant, subject matter, issues and relief sought, and that no basis for an injunction had been shown.

We have heard counsel, examined the record and briefs, and are unable to say that the court below erred either in respect of its findings or conclusion. The findings are adequately supported and the conclusion reached, we think, is proper. For us again to analyze the pleadings, evidence and decrees and point out the differences and necessary inferences would serve no useful purpose. This was adequately done below.

The challenged decree must be

*Affirmed.*

The CHIEF JUSTICE and MR. JUSTICE STONE took no part in the consideration or decision of this cause.