### UNITED STATES v. RADIO CORPORATION OF AMERICA et al.
### No. 793.

District Court, D. Delaware.

Sept. 15, 1942.

Thurman Arnold, Asst. Atty. Gen., and Harry B. Cox, James C. Wilson, and Robert G. Barnard, Sp. Assts. to Atty. Gen., and Stewart Lynch, U. S. Atty., of Wilmington, Del., for plaintiff.

Wright, Gordon, Zachry, Parlin & Cahill (by Thurlow M. Gordon, John T. Cahill, and James D. Wise), Stephen H. Philbin and Bruce Bromley, all of New York City, for defendants.

MARIS, Circuit Judge.

■ The Government has moved to vacate the consent decrees which were heretofore entered in this suit pursuant to formal written stipulations of the parties. The motion is based upon the sole ground that in the opinion of the Department of Justice the decrees do not now promote the public interest. The motion is vigorously opposed by the defendants. It presents the question whether a consent decree may be vacated solely upon the ground stated and without proof of any change in circumstances since its entry. A subsidiary question is whether the decrees conferred benefits upon the defendants. If they did, the Government concedes that its motion must be denied. After full consideration I have reached the conclusion that the first question must be answered in the negative and the second in the affirmative. I shall state briefly my reasons for reaching these conclusions.

■ A consent decree, although based upon an agreement of the parties rather than a finding of facts by the court, is not a mere authentication or recording of that agreement. It is a judicial act (United States v. Swift & Co., 286 U.S. 106, 115, 52 S.Ct. 460, 76 L.Ed. 999) and, therefore, involves a determination by the chancellor that it is equitable and in the public interest. The fact that the court may consider the opinion of the Department of Justice to the same effect does not mean that the court has abdicated its power, or failed to carry out its responsibility, to make an independent determination of the propriety and equity of the decree proposed by the parties; for, as the Supreme Court pointed out in Appalachian Coals, Inc., v. United States, 288 U.S. 344, 377, 53 S.Ct. 471, 77 L.Ed. 825, a suit for an injunction under the anti-trust laws is governed by the same principles which are applicable to suits for equitable relief generally. It is fundamental to our form of government that in such suits, as in all other matters brought before them for judicial action, the courts must act "in accordance with their own convictions, uninfluenced by the opinions of any and every other department of

the Government." Irvine v. Marshall, 61 U.S. 558, 567, 20 How. 558, 15 L.Ed. 994.

■ I think it is clear, as Justice Frankfurter suggested in his dissenting opinion in Chrysler Corporation v. United States, 316 U.S. 556, 62 S.Ct. 1146, 86 L.Ed. ——, that the modification or vacation of a consent decree previously entered involves the same duty of the court independently to determine that the action is equitable and in the public interest. Accordingly, I cannot accede to the contention of the Government that the sole basis of the consent decree was the Attorney General's representation to the court that it would provide suitable relief concerning the matters charged in the petition, and that consequently his present representation that it no longer serves the public interest requires the court, in the absence of some benefit to the defendants, to vacate the decree without evidence or agreement.

■ Furthermore I am satisfied that the defendants derived substantial benefit from the consent decrees. It has been held that such a decree in an anti-trust case binds the Government as well as the defendants (United States v. International Harvester Co., 274 U.S. 693, 703, 47 S.Ct. 748, 71 L.Ed. 1302), even though it later appears that it was inadequate when entered, for the agreement upon which it is based is within the power of the Attorney General to make and his authority to determine what relief will satisfy the requirements of the law "includes the power to make erroneous decisions as well as correct ones." Swift & Co. v. United States, 276 U.S. 311, 331, 332, 48 S.Ct. 311, 317, 72 L.Ed. 587. In the present case the Attorney General determined that certain relief short of that prayed for would satisfy the public interest and he agreed to the entry of decrees terminating the suit by granting that relief. Since these consent decrees are based upon an agreement made by the Attorney General which is binding upon the Government the defendants are entitled to set them up as a bar to any attempt by the Government to relitigate the issues raised in the suit or to seek relief with respect thereto additional to that given by the consent decrees. Aluminum Co. v. United States, 302 U.S. 230, 232, 58 S.Ct. 178, 82 L.Ed. 219; United States v. International Harvester Co., 274 U.S. 693, 703, 47 S.Ct. 748, 71 L.Ed. 1302. This is a very real benefit of which they would be deprived were the Government's motion to be granted.

■ I do not overlook the fact that consent decrees may be set aside for lack of actual consent to the decrees as entered, for fraud in their procurement, or for lack of federal jurisdiction. Swift & Co. v. United States, 276 U.S. 311, 324, 48 S.Ct. 311, 72 L.Ed. 587. No such ground for vacating them is asserted here, however. Likewise I fully recognize the power of this court to modify the decrees upon a showing of a change in circumstances since their entry requiring such modification. United States v. Swift & Co., 286 U.S. 106, 114, 52 S.Ct. 460, 76 L.Ed. 999. It would seem, however, that such modification must be consistent with the purpose of the original decrees and calculated to effectuate and not thwart their basic purpose. United States v. International Harvester Co., 274 U.S. 693, 702, 47 S.Ct. 748, 71 L.Ed. 1302; Chrysler Corporation v. United States, 316 U.S. 556, 62 S.Ct. 1146, 86 L.Ed. ——.

The motion to vacate the consent decrees heretofore entered herein is denied.