## SEYMOUR v. HAWKINS.

### No. 8065.

United States Court of Appeals for the District of Columbia.

Decided Nov. 23, 1942.

See, also, 2 F.R.D. 38.

Mr. Henry I. Quinn, of Washington, D. C., with whom Mr. Richard W. Galiher of Washington, D. C., was on the brief, for appellant.

Mr. Charles E. Pledger, Jr., of Washington, D. C., with whom Messrs. Frank F. Nesbit and Justin L. Edgerton, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, C. J., and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

John Paul Seymour was killed in an automobile accident in the District of Columbia on July 16, 1937. On July 15, 1938, hence within the statutory period fixed by the applicable statute,[1] appellant, Seymour's mother, brought suit as administratrix of his estate against appellee Hawkins, a nonresident of the District, and another, for the wrongful death of her son. Between July 15, 1938, and May 23, 1940, five summonses were issued at less than six months' intervals, for personal service upon Hawkins, in the District of Columbia, and each was returned not to be found. On August 15, 1940, over three years after the death of John Paul Seymour, and two years and one month after suit had been filed, service was made upon Hawkins in compliance with the terms of the Financial Responsibility Act by leaving summons and copy of the complaint with the Director of Vehicles and Traffic for the District of Columbia.[2] The undertaking required by the statute was filed on August 10, 1940. On September 4, 1940, appellee moved to vacate the summons and to discontinue the cause, on the ground that the issuance of summons had been unduly delayed; since the declaration showed upon its face (1) that Hawkins was a resident of the State of Virginia, (2) that substituted service could have been made upon the Director at

---

[1] D.C.Code 1929 tit. 21, § 2, id. (1940) § 16—1202, 31 Stat. 1394, amended by 32 Stat. 543.

[2] Owners' Financial Responsibility Act, D.C.Code (Supp. V, 1929) tit. 6, § 255b, id. (1940) § 40—403, 49 Stat. 167.

any time after the filing of suit, (3) consequently, that there had been a discontinuance of the action. On October 12, 1940, the trial court granted the motion and ordered the cause to be discontinued as to appellee Hawkins. On October 22, 1940, appellant moved for rehearing or reconsideration of the court's action; which motion was denied on July 23, 1941.

Under the existing law, alternative methods are available for the service of summons upon a nonresident defendant in a motor vehicle accident case; but in order to make personal service in such a case, it is, of course, necessary that the process server find the defendant within the District of Columbia. It was to avoid what had amounted in some cases to impossibility of making such service that the statute was enacted which permits substituted service upon the Director of Vehicles and Traffic.

It is conceded in the present case that service might have been made pursuant to the provisions of the Financial Responsibility Act immediately after the filing of the complaint. However, it is contended on behalf of appellant that she, being a poor woman, was unable earlier to provide the undertaking which the law requires as a prerequisite to the making of service in the manner described. It is urged further in her behalf that she complied with Rule 24 [3] of the Rules of Civil Procedure of the District Court of the United States for the District of Columbia, adopted August 16, 1938, by securing the issuance of process, five times during the intervening period, without permitting, in any case, the lapse of six months between reissues of process; and further, that during the intervening periods, continuing negotiations were being conducted with the insurance company looking toward a settlement.

Appellee Hawkins concedes that except for the availability of the method of substituted service provided by the Financial Responsibility Act, appellant would have complied fully with the requirements of the law and that he would have failed in his contention. However, he contends that as the method of substituted service was the only one which held any reasonable probability of success, appellant's failure to use it over a long period of time constituted a discontinuance. In our view the statutes are not properly susceptible of the interpretation which appellee seeks to place upon them in the present case. The Financial Responsibility Act was passed for the benefit of injured persons within the District of Columbia, not for the benefit of appellees who caused injury within the District and then by absenting themselves therefrom avoided service and prevented recovery. While if the plaintiff should, in bad faith, prolong the issuance of summons, the trial court would no doubt be justified in holding that a discontinuance had taken place, we are satisfied that no showing of bad faith was made in the present case. We are satisfied, also, there was, in this case, a sufficient showing of diligence, within the meaning of Parsons v. Hill,[4] which is relied upon by both parties to the appeal.

Reversed.

---

[3] Any party to an action who has failed within six months from the filing of a complaint or third party claim, to have process issue or publication made to require the appearance of the adverse party, or where he has taken no action since the last return by the marshal of "not to be found," and such failure to act has continued for six months, or where such party is in default for failure to calendar for trial an action in which an issue of law or of fact has been raised, and such default has continued for one year, the clerk of this court shall enter in the docket the words "Dismissed W. P." or "Third party claim dismissed W. P." as the case may be, together with the date of such entry, meaning dismissed without prejudice and without cost to any party, and shall immediately give notice in writing of such action to counsel of record for the party so in default, or to the party so in default himself if no counsel of record appears for him; provided, however, that on application of any party and for cause shown, or with the written consent of all parties, such action so dismissed may be revived and its prosecution resumed, and provided further, that such application shall be made within six months after the entry of the dismissal. The dismissal of a third party claim alone under this rule shall have no effect upon the main action.

[4] 15 App.D.C. 532.