**BROOKS TRANSP. CO. v. McCUTCHEON.**

No. 9076.

United States Court of Appeals
District of Columbia.

Argued Jan. 17, 1946.

Decided Feb. 25, 1946.

Mr. Paul J. Sedgwick, of Washington, D. C., for appellant.

Mr. James R. Kirkland, of Washington, D. C., for appellee.

Before GRONER, C. J., and EDGERTON and CLARK, JJ.

GRONER, C. J.

This is an action to recover property damage growing out of a motor vehicle collision. The incident occurred May 24, 1944, about 1 o'clock A.M., near the Maryland village of North-East, on U. S. Route No. 40, the principal automobile road between Washington and Philadelphia. At that point the highway consists of four lanes, two northbound and two southbound, separated by a grass area approximately 50 feet wide. At about the place of collision there was a gradual northbound downgrade. Somewhere in the neighborhood of an hour before the collision a tractor-trailer unit of defendant (appellant) became disabled and was parked in the righthand northbound lane of the highway. A similar unit of plaintiff (appellee), also northbound, ran into the rear of the stalled truck. Plaintiff's vehicle was damaged and caught fire and the driver was burned to death. There was a verdict in the amount of $8,-873.84 for plaintiff.

On this appeal defendant claims error on the following grounds: (1) that the suit should have been dismissed without trial because a suit begun by defendant, involving the same parties and the same cause of action, was then pending in the United States District Court in Baltimore; (2) that the court below refused to instruct the jury in accordance with defendant's instruction No. 3; (3) that the trial court denied defendant's motion for a directed verdict; (4) that there was no competent evidence of the amount of damage sustained on which the verdict of the jury could rest; and (5) that the court granted plaintiff's Instruction No. 1.

We shall dispose of these points in the order in which we have stated them.

*One:* The record shows that the action brought by plaintiff against defendant in the court below was begun prior in time to the proceeding brought by defendant against plaintiff in Baltimore, but the action brought in the latter city was first reached for trial. Plaintiff here appeared in that proceeding, filed a counterclaim under Rule 13-(a) of Civil Procedure, 28 U.S.C.A. following section 723c, and a trial was had resulting in a hung jury. Plaintiff thereupon calendared the case for trial in the District Court here. As we have seen, his action here was first begun, and defendant duly appeared in the court below, admitted jurisdiction and pleaded to the merits. In that state of affairs the universal rule is that the court here having assumed jurisdiction, all other courts should refrain from interference. It is well settled that as a matter of comity between Federal courts of equal jurisdiction one district court will not go forward where proceedings have been begun previously on the same cause in another district court. Ryan v. Seaboard & R. Co., C.C., 89 F. 397. In such a situation the court which first has possession of the subject should decide it. Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925, 929, 930; Carbide & Carbon C. Corp. v. U.S.I. Chemicals, 4 Cir., 140 F.2d 47-49. And the court in which the complaint was first filed has first possession of the subject. F. X. Hooper Co. v. Samuel M. Langston Co., D.C., 56 F.Supp. 577, 585. The fact that plaintiff below was afterwards sued in the same cause of action in the court in Maryland, and in the protection of his interest felt it necessary to appear in that court, was not an abandonment by him of his suit then pending in the District of Columbia. When the trial in Maryland came to naught his right to insist upon trial in the District Court in Washington was unaffected by anything that had occurred there.

*Two:* Defendant's Instruction No. 3, which the court refused, would have told the jury that if they believed that the driver of plaintiff's truck was asleep when the collision occurred, their verdict should be for the defendant. The court's refusal was

placed on the ground that there was no testimony directly or indirectly on which to base such an instruction, and a careful search of all the evidence shows that this is correct. Under these circumstances the court properly denied the instruction.

**Three:** Defendant's request for a directed verdict was properly refused because the evidence was contradictory as to whether the stalled truck was lighted as the Maryland laws require, or was, in the foggy and rainy condition of the weather, invisible to the driver of the oncoming truck until too late to avoid the collision. In that aspect, the question of whose negligence was the proximate cause of the collision was properly submitted to the jury.

**Four:** The argument under this heading is that there is no substantial evidence to sustain the verdict and in particular that the court erred in permitting McCutcheon, the owner of the truck, and Fox, a witness for plaintiff, to testify as to the fair market value of the tractor and as to the reasonable rental value of the damaged trailer. We think that both McCutcheon and Fox were competent to testify on these points. McCutcheon was the owner of the truck and in addition testified that he was familiar with the sale and rental value of similar units. Fox was engaged in the business of repairing, servicing, renting and selling comparable equipment to that involved in this collision. The evidence offered on behalf of plaintiff on the length of time reasonably necessary to repair the trailer was meager and largely unsatisfactory, as was also the evidence of any effort to minimize the loss. Plaintiff himself testified that the trailer was taken to the plant of the manufacturer for repairs and that the delay that ensued was occasioned by inability to obtain necessary parts or to have the work speedily done under war-time conditions. The claim for loss of use during the period required for repairs was calculated by plaintiff to be two months. In the absence of any evidence to show that this was an unreasonable or unusual length of time, or of any objection by defendant at the trial on this point, we think the evidence on the subject was properly submitted to the jury.

**Five:** Plaintiff's Instruction No. 1, given by the court, related to the measure of damages. At the outset we note that the accident having occurred in Maryland, the proper measure of damages would be that applied by the Maryland courts in similar situations. See Western Union Telegraph Co. v. Brown, 234 U.S. 542, 34 S.Ct. 955, 58 L.Ed. 1457; Royal Mail Steam Packet Co. v. Companhia de Navegaco Lloyd Brasileiro, D.C., 31 F.2d 757; and Curtis v. Campbell, 3 Cir., 76 F.2d 84. The instruction given told the jury that if they should find for the plaintiff they should in computing damages allow the reasonable value of the tractor, less the amount received for salvage, provided the tractor was totally destroyed, and that if they found the trailer was damaged they should award plaintiff the reasonable cost of repairs, together with the value of its use during the period reasonably required to repair it. The instruction further told the jury that plaintiff would also be entitled to recover the loss of drayage and the value of the cargo destroyed in the fire resulting from the collision. These appear to us to be the proper elements of damage. See Fisher v. City Dairy Co., 137 Md. 601, 113 A. 95; Hopper, McGaw & Co. v. Kelly, 145 Md. 161, 125 A. 779; and Taxicab Co. v. Hamburger, 146 Md. 122, 125 A. 914. But in this same instruction the jury was told that in estimating the amount of damages applicable to the trailer, they should not find in excess of its value at the time of the collision. In other words, the cost of repairs plus its use value during the repair period should not exceed its value prior to the event out of which the claim arose. This portion of the instruction was accepted by both parties without objection and established the law of the case in this respect. But the fact is, as now appears, that the amount which the jury awarded exceeded the plaintiff's own estimate of the value of the entire outfit by $570.03.[1] Since a remittitur of $70.03 was ordered, the case will be remanded to the District Court, with instructions to order a remittitur of an additional $500.00, or, upon failure thereof, to grant a new trial.

Affirmed in part and remanded for action in accordance with this opinion.

---

[1] Plaintiff, having himself placed a total valuation on the tractor-trailer unit of $6,000, and there being no other evidence of greater value, was limited under the court's instruction to a recovery of this sum, plus damage to the cargo of $2,091.- 66, plus $75 towing charge, plus $237 loss of freight money, less $100 salvage on the tractor. The result is $8,303.66, which is $570.03 less than the amount of the verdict.