## KAPLOWITZ BROS., Inc., v. KAHAN.
### No. 608.

Municipal Court of Appeals for the District of Columbia.

July 1, 1948.

---

James R. Kirkland, of Washington, D. C. (Paul B. Cromelin, of Washington, D. C., on the brief), for appellant.

Harland Wood, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

■ This appeal is one chapter in a book of suits and countersuits between the parties. Prior to August 1, 1947, appellee, plaintiff in the court below, was employed as a buyer of ladies' dresses and other goods either by defendant below, a corporation, or by Abraham J. Kaplowitz, one of the corporation's owners or stockholders. Subsequently appellee began her own business. In September 1947 she sued Mr. Kaplowitz in the District Court of the United States for the District of Columbia for slander on account of statements allegedly made by him about her after she left the employment of the corporation. Shortly thereafter Kaplowitz Brothers, Inc., filed a separate suit in the District Court against appellee for "breach of contract and for an accounting for breach of trust and for unfair trade practices." Each of the suits in the District Court was for a sum beyond the jurisdiction of the Municipal Court. Then, on November 21, 1947, appellee filed suit in the Municipal Court against Kaplowitz Brothers, Inc., claiming there was approximately $2,000 owing her on account of commissions earned while she was employed by Kaplowitz Brothers, Inc. The corporation moved to dismiss the Municipal Court action on the ground that the claim asserted therein represented a compulsory counterclaim to the suit against her in the District Court, Rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and that since the District Court action had been commenced first the action in the Municipal Court should be dismissed or in the alternative remanded to the District Court. The Municipal Court overruled this motion and from that decision this appeal is taken.

Whatever may be the merits of the controversies between the parties, we are clear that the order of the Municipal Court overruling the motion to dismiss or to remand the Municipal Court action to the District Court is not a final order and hence that the present appeal must be dismissed.[1] As we have pointed out on numerous previous occasions, this court has jurisdiction, with exceptions not here pertinent, only to entertain appeals from a "final order or judgment" of the Municipal Court. Furthermore, the Municipal Court, under the statute creating it, has no power to remand cases to the District Court, even though under certain circumstances it might seem in the interests of justice so to do.[2]

■ We deem it appropriate to add that whether the claim asserted in the Municipal Court action actually constitutes a compulsory counterclaim to the District Court suit is a question which may be more appropriately decided by the District Court itself, since such decision involves an interpretation of the District Court's own rules. In the memorandum of points and authorities filed in the Municipal Court in support of the motion to dismiss, appellant cited United States v. Aluminum Co. of America, D.C., 20 F.Supp. 608, affirmed in 302 U.S. 230, 58 S.Ct. 178, 82 L.Ed. 219, and other cases supporting the proposition that a federal court first acquiring jurisdiction of a subject matter may enjoin a plaintiff who has filed a suit in another court involving identical subject matter wherein it is sought to defeat the first court's jurisdiction. We need hardly point out that the forum to which such authorities should be presented in the present circumstances is not the Municipal Court but the District Court.

Appeal dismissed.

[1] De Bobula v. Tamamian, D.C.Mun. App., 55 A.2d 204, citing Toomey v. Toomey, 80 U.S.App.D.C. 77, 149 F.2d 19.

[2] Cf. Geracy, Inc. v. Hoover, 77 U.S. App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185.