**COATES v. ELLIS.**

No. 643.

Municipal Court of Appeals for the District of Columbia.

Aug. 20, 1948.

---

F. H. Livingstone, of Washington, D. C. (Paul J. Sedgwick, of Washington, D. C., on the brief), for appellant.

Robert K. Eifler, of Washington, D. C. (Howard Boyd and Edward B. Williams, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

These parties were involved in an automobile collision in the District of Columbia. Claiming personal injuries as a result thereof Lorena Ellis (defendant in this case) sued Walter Coates (plaintiff herein) for $20,000 damages for personal injuries in the United States District Court for the District of Columbia. In said action she was joined as plaintiff by her husband who claimed $5,000 for medical expenses and property damage. Their suit was filed on March 4, 1948.

Before service of process was completed in that case Walter Coates filed this suit against Mrs. Ellis in the Municipal Court for $115.44, covering property damages sustained in the same collision.[1]

Defendant moved to dismiss the Municipal Court action on the ground of the prior filing and pendency of her District Court action. The trial judge ordered the motion to dismiss "granted without prejudice," and plaintiff Coates brings this appeal.

---

[1] Both parties are non-residents of the District of Columbia, Coates being a resident of Maryland and Mrs. Ellis a resident of Virginia. In both suits the plaintiffs resorted to substituted service of process as authorized by the Owners' Financial Responsibility Act, Code 1940, § 40-403. This, however, is of no vital importance in view of the decision we are announcing.

The District Court was vested with exclusive jurisdiction over the claim brought by Mrs. Ellis for her damages. It was also vested wtih jurisdiction over the potential claim of Coates against Mrs. Ellis, which admittedly arose "out of the transaction or occurrence," Rule 13(a), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, and was therefore a compulsory counterclaim. As we understand appellant's argument he does not question that his claim would ordinarily be the subject of a compulsory counterclaim; but he says that Rule 13 (a) does not apply to this situation because it provides "that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action." And he argues that the District Court action though filed March 4, 1948, had not been "commenced" when he filed this suit in the Municipal Court eight days later, because process in the District Court action had not then been served upon him and that by the time such process was served he had already filed his Municipal Court action and such action was then "the subject of a pending action" and hence not a compulsory counterclaim in the District Court action.

The argument must fail. Rule 13 (a) itself says that such counterclaim shall be compulsory unless it was the subject of a pending action at *the time the original action was commenced.* It is clear beyond question that the District Court action had been "commenced" eight days before this action was filed in the Municipal Court. It is quite well settled that an action is "commenced" by the filing of the complaint.[2]

Hence it follows that when Coates filed his suit in the Municipal Court he was attempting to assert a claim which he should have asserted as a counterclaim in the District Court.

It has been held time and time again that in the interest of orderly procedure and to avoid unseemly conflicts the court which first acquires jurisdiction over a controversy should maintain and exercise that jurisdiction to the exclusion of a court in which subsequent action is taken. Such is the rule as between Federal courts, and also between Federal courts and those of the states.[3] A Federal court may enjoin proceedings in an action subsequently filed.[4] Indeed, it has been held that a Federal court is under a duty to do so.[5]

---

[2] Brooks Transportation Co. v. McCutcheon, 80 U.S.App.D.C. 406, 154 F.2d 841; Reynolds v. Needle, 77 U.S.App.D. C. 53, 132 F.2d 161; Seymour v. Hawkins, 76 U.S.App.D.C. 376, 133 F.2d 15, 167 A.L.R. 1055; Schram v. Costello, D.C. E.D.Mich., 36 F.Supp. 525; Schram v. Koppin, D.C.E.D.Mich., 35 F.Supp. 313; Gallagher v. Carroll, D.C.E.D.N.Y., 27 F. Supp. 568. Note: We do not forget that when a plaintiff in bad faith prolongs the issuance of summons, a discontinuance will be worked. Seymour v. Hawkins, 76 U.S. App.D.C. 376, 133 F.2d 15, 167 A.L.R. 1055. Such certainly is not this case. Here process was issued immediately, and personal service on defendant was completed in two weeks.

[3] Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Brooks Transportation Co. v. McCutcheon, 80 U.S.App.D.C. 406, 154 F.2d 841; United States v. McCarl, 56 App.D.C. 52, 8 F.2d 1011; Harlan v. Harlan, 52 App. D.C. 98, 281 F. 602; Detroit & T. S. L. R. Co. v. Interstate Commerce Commission, 51 App.D.C. 133, 277 F. 535; Carbide & Carbon C. Corp. v. United States I. Chemicals, 4 Cir., 140 F.2d 47;

Triangle Conduit & Cable Co. v. National Elec. P. Corp., 3 Cir., 125 F.2d 1008; Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925; Milwaukee Gas Specialty Co. v. Mercoid Corporation, 7 Cir., 104 F.2d 589; In re Georgia Power Co., 5 Cir., 89 F.2d 218; Ryan v. Seaboard & R. R. Co., O. C. E. D. Va., 89 F. 397; Old Charter Distillery Co. v. Continental Distilling Corp., D.C.D.Del., 59 F.Supp. 528; F. X. Hooper Co. v. Samuel M. Langston Co., D.C.D.N.J., 56 F.Supp. 577; Steiner v. Stein, 141 N.J.Eq. 478, 58 A.2d 102; Camden Trust Co. v. Toone, 141 N.J.Eq. 342, 57 A.2d 509.

[4] Triangle Conduit & Cable Co. v. National Elec. P. Corp., 3 Cir., 125 F.2d 1008; Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925; United States v. Aluminum Co. of America, D.C. W.D.Pa., 20 F.Supp. 608, affirmed 302 U. S. 230, 58 S.Ct. 178, 82 L.Ed. 219.

[5] Crosley Corporation v. Westinghouse Elec. & Mfg. Co., 3 Cir., 130 F.2d 474; F. X. Hooper Co. v. Samuel M. Langston Co., D.C.D.N.J., 56 F.Supp. 577; see also Steiner v. Stein, 141 N.J.Eq. 478, 58 A.2d 102.

The Federal rules (and the Municipal Court rules which by Congressional mandate are patterned to conform therewith) contemplate the disposition of all controversies arising out of a single event between the parties, at one time and in one legal proceeding. That highly desirable purpose could not be accomplished in a situation like this if the Municipal Court action were not deferred. The Municipal Court, because its jurisdiction stops at $3,000, could not entertain the Ellis claim.[6] Nor would it have any authority to certify the Coates claim to the District Court.[7] Its jurisdiction would thus be restricted only to the claim of Mr. Coates for his repair bill—only a small part of the controversy. The District Court on the other hand had the power to decide the entire dispute; and there is no reason in law, logic, or good practice why its jurisdiction should have been interfered with. Appellant says that the rules of the District Court do not govern the practice in the Municipal Court; and that of course is true, as we have held.[8] But we are applying general principles of law and giving practical effect to the Congressional will, as well as the procedural rules of both courts, in order to prevent confusion and probable injustice, and also to bring about a single, inclusive, orderly day in court for both parties to this controversy.

As we have already seen, the District Court had undoubted power to enjoin Coates from proceeding further in his Municipal Court action. And counsel for Mrs. Ellis might reasonably have employed the more extreme method of asking such an injunction. Compare Kaplowitz Brothers v. Kahan, D.C.Mun.App., 59 A.2d 795, 76 W.L.R. 765. In that case there had been two suits filed in the District Court, and a third one in the Municipal Court. The Municipal Court overruled a motion to dismiss, and we dismissed the appeal taken from that order, because it was not appealable. In the confused and doubtful aspects of that situation, and there being a serious question as to whether the claim asserted in the Municipal Court action belonged in the District Court as a compulsory counterclaim, we went on to suggest that the question might "more appropriately" be decided by the District Court. But we did not intend that statement to cover every case of this nature. Here the situation is quite different. Here, as we have seen, the claim is undeniably the subject of a compulsory counterclaim. Here the decisive question was whether the District Court action had been "commenced" when Coates took his claim into the Municipal Court. And it is very plain, as we have shown, that such question must be decided adversely to him in this case. Therefore, the situation being so clear, and the jurisdictional lines being so plainly marked, there was no good reason for forcing the defendant Ellis to resort to injunctive measures in the District Court. The Municipal Court itself had the power to stay its own hand until the claims of both parties had been finally determined in the District Court. But it had no right to dismiss the case.

The dismissal, though stated to be "without prejudice," would almost certainly result in confusion and in prejudice to plaintiff if the District Court action did not proceed to final determination. Comity, as we have previously pointed out,[9] can best be maintained in such a situation, not by dismissing the action, but by staying proceedings therein. That course has been prescribed in several other cases.[10] We therefore order the judg-

---

[6] See 1425 F Street Corporation v. Jardin, D.C.Mun.App., 53 A.2d 278; 75 W.L.R. 639.

[7] Kaplowitz Brothers v. Kahan, D.C. Mun.App., 59 A.2d 795, 76 W.L.R. 765.

[8] Plummer v. Johnson, D.C.Mun.App., 35 A.2d 647; 72 W.L.R. 132; Yellow Cab Co. of D. C. v. Rogers, D.C.Mun.App., 34 A.2d 36; 71 W.L.R. 1111.

[9] Williams v. Pearson, D.C.Mun.App., 49 A.2d 663; 74 W.L.R. 1199.

[10] Aetna Casualty & Surety Co. v. Abbott, 4 Cir., 130 F.2d 40; Guiterman v. Pennsylvania R. Co., D.C.E.D.N.Y., 48 F.2d 851; Boston Acme Mines Corporation v. Salina Canyon Coal Co., 8 Cir., 3 F.2d 729; Ryan v. Seaboard & R. R. Co., C.C.E.D.Va., 89 F. 397; Old Charter Distillery Co. v. Continental Distil. Corp., D. C.Del., 59 F.Supp. 528; United States v. Anaconda Wire & Cable Co., D.C.E.D.Pa., 52 F.Supp. 824; Schwartz v. Kaufman,

ment below reversed, with instructions to vacate the order of dismissal, and to enter an order staying proceedings until the final determination of the pending District Court action.

Reversed.

D.C.E.D.N.Y., 46 F.Supp. 318; United States v. Aluminum Co. of America, D.C. W.D.Pa., 20 F.Supp. 608, affirmed 302 U.S. 230, 58 S.Ct. 178, 82 L.Ed. 219; Wise v. Pacific States Life Ins. Co., D. C.E.D.Ill. 11 F.Supp. 895; Mennonna v. Pennsylvania R. Co., 5 N.J.Misc. 233, 136 A. 185; see also Kansas City S. R. Co. v. United States, 282 U.S. 760, 51 S.Ct. 304, 75 L.Ed. 684.