**BAIR v. BRYANT.**

No. 1313.

Municipal Court of Appeals for the
District of Columbia.

Argued April 6, 1953.

Decided May 8, 1953.

Ralph C. Cole, Washington, D. C. (Wilfred E. Lawson, Washington, D. C., on the brief), for appellant.

John J. Leahy, Washington, D. C. (Daniel W. O'Donoghue, Jr., Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant Bair sued appellee Bryant in the Municipal Court for damages resulting from a collision between the automobiles of Bair and Bryant. Bryant moved "to strike" the complaint on the ground that both he and Bair had been made parties to an action in the United States District Court for the District of Columbia arising out of the same occurrence and "a multiplicity of suits is created by this action." The court, treating the motion as one to dismiss, granted it and this appeal followed.

The record does not disclose whether any evidence was taken at the hearing on the motion, but it is apparent that the trial court had before it either the record of the District Court proceedings or stipulations of counsel as to its contents. Accordingly, we have examined the District Court record and from it and the record before us gathered the following facts.

The collision occurred on June 4, 1952, and on July 9 one Enloe, a passenger in Bryant's car, sued Bryant and Bair in the District Court for personal injuries. On July 21, before either he or Bryant had answered the District Court complaint, Bair sued Bryant in the Municipal Court for damage to his automobile. On the following day, July 22, Bryant filed his answer in the District Court. On July 25 Bair filed his answer in the District Court and at the same time filed a cross-claim against Bryant for contribution. On August 20 Bryant filed his motion "to strike" in the Municipal Court action. This motion was granted on November 29 and on December 4 Bryant answered Bair's cross-claim in the District Court and also cross-claimed against Bair

for contribution and for $150 for damage to his automobile.[1]

The question before us is whether the Municipal Court was correct in striking or dismissing Bair's complaint. In its memorandum opinion the court indicated that it granted the motion on two grounds, namely, (1) that Bair by seeking contribution from Bryant in the District Court and suing him for damages in the Municipal Court had split his cause of action, and (2) that the District Court having first obtained jurisdiction should be given precedence.

We have ruled, in accordance with general authority, that a single or entire claim cannot be split into separate claims and separate suits maintained thereon.[2] Did Bair by suing Bryant in the Municipal Court for damages and cross-claiming against Bryant for contribution in the District Court attempt to split his cause of action against Bryant? Bair's claim for damages is a common-law claim. His claim for contribution is equitable in nature, being founded "on the doctrine that general principles of justice require that in the case of a common obligation, the discharge of it by one of the obligors without proportionate payment from the other, gives the latter an advantage to which he is not equitably entitled."[3] The right to damages, if established, will rest on Bryant's Liability to Bair. The right to contribution, if established, will rest on a common liability of Bryant and Bair to Enloe.[4] The right to damages and the right to contribution are mutually exclusive, for Bair can recover damages only if he was free from negligence and will be entitled to contribution only if he was negligent and his negligence combined with that of Bryant to cause Enloe's injuries. Furthermore, the right to contribution is a contingent right. It arises from a joint liability but is enforceable only after the one seeking it has been forced to pay.[5] Thus the statute of limitations begins to run against the right to contribution only from the time of the disproportionate discharge of the common obligation by one of the common obligors.[6] The statute of limitations runs against Bair's claim for damages from the date of the collision. Because of these differences we think Bair's claim for damages and his claim for contribution did not constitute a single claim, but were separate and distinct, and there was no splitting of a cause of action.[7]

Aside from the question of splitting a cause of action, was the Municipal Court justified in ruling that the District Court first acquired jurisdiction and that the entire controversy should be decided in the District Court to avoid a multiplicity of suits?[8] The District Court action commenced first, but it was an action by Enloe against Bryant and Bair. When Bair commenced his action in the Municipal Court there was pending in the District Court no action between Bryant and Bair. In point of time, the respective cross-claims between Bryant and Bair did not relate back to the date that Enloe commenced his action in

---

1. We have referred to the cross-claims of Bair and Bryant as seeking contribution from the other. Neither did so in express terms, but it is apparent such was the relief sought and the parties in their briefs here have referred to Bair's cross-claim as one for contribution.

2. Astor Pictures Corporation v. Shull, D. C.Mun.App., 64 A.2d 160.

3. George's Radio v. Capital Transit Co., 75 U.S.App.D.C. 187, 189, 126 F.2d 219, 221.

4. Yellow Cab Co. of D. C. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001.

5. Knell v. Feltman, 85 U.S.App.D.C. 22, 25, 174 F.2d 662, 665.

6. Annotation, 20 A.L.R.2d 925.

7. The trial court in its memorandum, and appellee in argument here, relied on Simodejka v. Williams, 360 Pa. 332, 62 A.2d 17, for the proposition that an action for contribution and one for personal injury damages are indivisible when they grow out of the same occurrence. That case does speak of splitting a cause of action but we think it was decided basically on the doctrine of res judicata.

8. We do not stop to consider whether two suits, one in the District Court and one in the Municipal Court, constitute a "multiplicity" of suits.

the District Court.[9] Therefore as between Bryant and Bair, the Municipal Court action was prior in time. The fact that Bair and Bryant were codefendants in the District Court did not compel them to assert their claims against each other by way of cross-claim. There are no compulsory cross-claims.[10] Bair had a choice of asserting his claim for damages against Bryant either by way of cross-claim in the District Court or by independent action in the Municipal Court. He chose the latter and we perceive no reason why he should be denied this choice. His claim for damages ($381.-87) was primarily a Municipal Court action. The District Court has no primary jurisdiction over such a claim. This is not a case such as Coates v. Ellis, D.C.Mun.App., 61 A.2d 28, where the District Court first obtained jurisdiction of the parties and the controversy, and we held that a compulsory counterclaim to the District Court action ought not to be heard in the Municipal Court so long as the District Court action was pending. If the Municipal Court be considered analogous to a state court, the rule of prior jurisdiction laid down in Brooks Transp. Co. v. McCutcheon, 80 U.S. App.D.C. 406, 154 F.2d 841, has no application. That rule relates to concurrent jurisdiction of federal courts and gives precedence to the one first acquiring jurisdiction, but the rule is otherwise when two actions are *in personam* and one is in a federal court and the other in a state court. In that situation both courts may proceed with the litigation.[11] Be that as it may, if the rule of first jurisdiction is to apply here, the Municipal Court first acquired jurisdiction of Bair's claim against Bryant. It is true that if the Municipal Court action is first tried and the issue of negligence and contributory negligence as between Bryant and Bair is settled, it will probably operate as res judicata on their respective claims against each other for contribution in the District Court,[12] but it will not affect the right of Enloe in his claim against them nor will it in any way interfere with the jurisdiction of the District Court to proceed with the case which was pending before it when the Municipal Court action was commenced.[13] The Municipal Court had no right to dismiss the case or strike the complaint,[14] and we see no ground justifying a stay of the action. Whether we apply the rule of prior jurisdiction between federal courts or the rule relating to *in personam* actions in federal and state courts, we reach the same conclusion.

On two occasions[15] we have suggested, and we now repeat the suggestion, that in situations of this nature, where counsel feel that an action in the Municipal Court infringes upon or interferes with a pending action in the District Court, application for relief should be made to the

9. Speed Products Co. v. Tinnerman Products, 83 U.S.App.D.C. 243, 246–247, 171 F.2d 727, 730–731.

10. Moore's Federal Practice (2d ed.) §§ 13.02, 13.34; Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, D.C.N.D.Iowa, 102 F.Supp. 214, 226.

11. Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Indemnity Ins. Co. v. Smoot, 80 U.S.App.D.C. 287, 291, 152 F.2d 667, 671, 163 A.L.R. 498, 503–4, certiorari denied 328 U.S. 835, 66 S.Ct. 981, 90 L.Ed. 1611; Broder v. Hartford Acc. & Indemnity Co., D.C.D.C., 106 F.Supp. 343, 347, per Keech, J.; Red Top Trucking Corp. v. Seaboard Freight Lines, D.C.S.D.N.Y., 35 F.Supp. 740, per Knox, J.

12. Yellow Cab Co. of D. C. v. Janson, 86 U.S.App.D.C. 38, 179 F.2d 54.

13. Bryant's cross-claim for damages did not make Bair's claim for damages a compulsory counterclaim [there may be a compulsory counterclaim to a cross-claim, Moore's Federal Practice (2d ed.) § 13.-34] because Bair's claim was the subject matter of the prior pending Municipal Court action. Fed.R.Civ.P. 13(a), 28 U.S.C.A. We may add that under the conclusion here reached Bryant's claim for damages is a compulsory counterclaim to Bair's Municipal Court action. Municipal Court Civil Rule 13(a).

14. Coates v. Ellis, D.C.Mun.App., 61 A. 2d 28.

15. Kaplowitz Bros. v. Kahan, D.C.Mun. App., 59 A.2d 795; Bradley v. Triplex Shoe Co., D.C.Mun.App., 66 A.2d 208.

District Court. Questions involving the nature of a case before the District Court, of application and construction of the rules of the District Court, and interference with the jurisdiction of the District Court, can best be answered by that court itself.

Reversed.