**HELLER**

v.

**EDWARDS et al.**

No. 1478.

Municipal Court of Appeals for the
District of Columbia.

Argued April 19, 1954.

Decided May 3, 1954.

Josiah Lyman, Washington, D. C., for appellant.

J. Lawrence Hall, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

A defendant in an automobile collision case appeals from an order refusing to stay proceedings. Edwards and East Side Cabs, Inc., brought this action against Heller in the Municipal Court as a result of an automobile collision. Heller filed an answer to the complaint. Eight months after this suit was commenced Heller filed a suit against Edwards and East Side Cabs in the United States District Court for the District of Columbia, claiming damages on account of the same collision. Heller then filed his motion in the Municipal Court asking that the suit against him be stayed because of the pendency of his own suit in the District Court. The motion was denied.

We must first decide a jurisdictional question: appellees' contention that the order refusing a stay was not final and appealable. We think the point is well taken. We have on earlier occasions made reference to the statute creating this court and have pointed out that under Code 1951, § 11–772, we have jurisdiction to review only such orders as are final. Brown v. Randle & Garvin, D.C.Mun.App., 32 A.2d 104. We have also said that a test of finality is whether the order is one which disposes of the whole case, leaving nothing

for the court to do except to execute the judgment it has rendered. Whitman v. Noel, D.C.Mun.App., 53 A.2d 280 [1] There we held that an order denying a defendant's motion for summary judgment on the ground of limitations was not appealable. In still another case, Kaplowitz Bros. v. Kahan, D.C.Mun.App., 59 A.2d 795, there was a motion in the Municipal Court to dismiss an action because it represented a compulsory counterclaim in a suit then pending in the District Court. The Municipal Court overruled the motion to dismiss, and the case was brought here on appeal. We held that it was not a "final order or judgment" and dismissed the appeal.

The same rule applies in the case at bar. The order involved did not dispose of the action, but required that it be tried on the merits. We are clear in our view that the order is not appealable.[2]

█ Though we are dismissing the appeal, we think we may properly say a few words as to other contentions discussed in the briefs. Appellant insists that by refusing a stay the Municipal Court denied "his right to affirmative relief"—that is, the right to proceed first with the suit he had filed in the District Court. Appellees answer that their suit, filed in the Municipal Court some eight months earlier, was not the subject of a compulsory counterclaim in the later suit in the District Court, and that when the Municipal Court acquires jurisdiction of an action, it should proceed to hear the case in a normal way regardless of a subsequently filed District Court action. We discussed this question in Bair v. Bryant, D.C.Mun.App., 96 A.2d 508, also an automobile collision case. We said that when an action has been filed in the Municipal Court and the defendant in such action later files a suit in the District Court based on the same transaction or occurrence, the Municipal Court should not stay its own hand.[3]

Appeal dismissed.

---

1. Citing Jacobsen v. Jacobsen, 75 U.S.App. D.C. 223, 126 F.2d 13.

2. An entirely different situation was recently before us in Ourisman Chevrolet, Inc. v. Suber, D.C.Mun.App., 104 A.2d 252, decided April 2, 1954. There the trial court granted an indefinite stay in a possessory action, and we held the order was in effect a refusal to exercise ju-

risdiction, and therefore, final and appealable.

3. We repeated what we had said in earlier decisions, to the effect that when counsel think that an action in the Municipal Court, infringes with a pending action in the District Court, application for relief should be made in the District Court.